STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-05-330

TDU- (UM-2/n'oco

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

FEB 09 2006

RECEIVED

SUSAN DENIS, as Personal Representative
of the ESTATE OF CHRISTOPHER DENIS,
et al.,

Plaintiff,

v.

MATTHEW PERRY, et al.,

Defendants.

ORDER

Before the court is a motion to dismiss by defendant Susan McNerney.

On a motion to dismiss, the material allegations of the complaint must be taken as admitted. In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217, 200. A dismissal should only occur when it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts that she might prove in support of her claim. Id.[1]

This lawsuit concerns the death of Christopher Denis on June 2, 2003. The complaint alleges that on that date, Denis was shot to death by Matthew Perry at Perry's residence in Standish. Complaint ¶ 4. With respect to McNerney, the complaint alleges that (1) she was formerly in a relationship with Denis; (2) at the time of the June 2, 2003 incident, she was in a relationship with Perry; (3) she was at Perry's residence when Denis was shot; (4) she knew or should have known that Perry was dangerous and capable of causing physical harm to others at Perry's residence; (5) she knew or

---

[1] Plaintiff contends that McNerney converted her motion to dismiss into a motion for summary judgment by attaching certain newspaper articles. The court has excluded those attachments from its consideration in ruling on the motion. See M.R.Civ.P. 12(b). Accordingly, McNerney's motion need not be treated as a motion for summary judgment. Id.

should have known that Perry was engaged in unspecified dangerous or illegal activity on the property and that such activity was likely to constitute a threat to the lives and safety of persons on the property; (6) she negligently influenced Perry to believe that Denis was a threat to her or to Perry; (7) she negligently encouraged Denis to come to Perry's residence on June 2, 2003; (8) she knew or should have known that such encouragement would lead to a confrontation between Perry and Denis; and (9) she negligently failed to warn or assist Denis with respect to the danger resulting from her conduct or her influence over Perry. Complaint ¶¶ 5, 6, 9, 11, 18-20.[2]

Accepting all the allegations in the complaint as true, the central issue raised by McNerney's motion to dismiss is whether McNerney owed any duty to Christopher Denis. For negligence to be actionable, there must be a duty owed by the defendant to the plaintiff. E.g., Johnson v. Tedd-Lait Post No. 75, American Legion, 1999 ME 26 ¶ 7, 723 A.2d 1220, 1221. Whether a duty exists is a question of law to be decided by the court. Fortin v. Roman Catholic Bishop of Portland, 2005 ME 57 ¶ 35, 871 A.2d 1208, 1220; Bryan R. v. Watchtower Bible and Tract Society, 1999 ME 144 ¶ 11, 738 A.2d 839, 844, cert. denied, 528 U.S. 1189 (2000).

The Law Court has firmly adhered to "the general rule . . . that an actor has no duty to protect others from harm caused by third parties." Fortin, 2005 ME 57 ¶ 25, 817 A.2d at 1217. This is true even if the third parties are known to be "dangerous." Id. The only exception is when a fiduciary or other special relationship exists which carries with it a legal duty to take reasonable measures to prevent harm to the plaintiff. Id. Thus, in a series of cases against religious institutions involving alleged sexual misbehavior by

---

[2] Certain of these allegations are denied by McNerney, who asserts that if the case went to trial, the evidence would show that she did not encourage Christopher Denis to come to Perry's residence but was hiding from Denis out of fear for her own safety. For purposes of the motion to dismiss, however, McNerney's denials are irrelevant and the allegations of the complaint must be taken as true.

clergy and church members, the overriding inquiry has concerned the issue of whether, and under what circumstances, a religious institution has a sufficient fiduciary relationship to its parishioners to bring it within the exception to the above rule. Compare Fortin, 2005 ME 57 ¶ 31-38, 871 A.2d at 1219-22 with Bryan R., 1999 ME 144 ¶¶ 15-24, 738 A.2d at 845-47.

In this case no special relationship has been alleged that would have imposed on McNerney a duty to protect Christopher Denis. The court is not aware of any basis in law or policy for an argument that a person owes a fiduciary duty to someone with whom that person formerly had a romantic or sexual relationship. As a result, accepting the allegations of the complaint that McNerney knew that Perry presented a danger to Christopher Denis and that she had influenced Perry to fear Denis, the allegations in the complaint still fall short of a cognizable claim that McNerney had a duty to protect Christopher Denis from Perry.

Susan Denis argues that this case is different because that she has alleged that McNerney created the dangerous situation by allegedly encouraging her son to come to Perry's residence. In this connection, Denis cites Restatement, Second, Torts § 321(1), which provides: "If the actor does an act, and subsequently realizes or should realize that it has created an unreasonable risk of physical harm to another, he is under a duty to exercise reasonable care to prevent the risk from taking effect." Although the Law Court has never expressly adopted Restatement § 321,[3] these are statements in its cases to the effect that there is no duty to protect someone from danger "unless the dangerous

_____

[3] The Law Court discussed Restatement § 321 in Trusiani v. Cumberland & York Distributors, Inc., 538 A.2d 258, 263 (Me. 1988), but only in rejecting the contention that § 321 could provide a basis for liability in that case. Courts in several other jurisdictions have expressed reservations about the sweep of § 321. See Hull v. Andracchio, 1994 U.S. Dist. LEXIS 19401 at * 12-14 (W.D. Pa. 1994) (discussion of Pennsylvania cases); Brewster v. Rush-Presbyterian St. Luke's Medical Center, 836 N.E. 2d 635, 639 (Ill. App. 2005).

3

situation was created by the defendant." E.g., Jackson v. Tedd-Lait Post No. 75, American Legion, 1999 ME 26 ¶ 8, 723 A.2d at 1221.

While Maine law thus appears to recognize a defendant's duty to protect in some circumstances where a dangerous situation has been created by the defendant, that duty cannot be defined strictly by a foreseeability analysis. In Maine the scope of a duty "is not entirely a question of the foreseeable risk from harm but is in turn dependent on recognizing and weighing relevant policy implications." Cameron v. Pepin, 610 A.2d 279, 282 (Me. 1992).

In this case the court concludes that no duty can be found on the facts as alleged. A contrary ruling cannot be reconciled with such cases as Bryan R. v. Watchtower Bible and Tract Society, 1999 ME 144, 738 A.2d 839. If McNerney could potentially be found liable here for creating a dangerous situation by allegedly encouraging Christopher Denis to come to Perry's residence at a time when she knew Perry presented a danger to Denis, then the Watchtower Society could potentially have been liable for creating a dangerous situation by allowing one of its parishioners to resume his membership in the church and to lead church excursions including children at a time when church elders knew he had a history of child molestation. See 1999 ME 144 ¶ 9 n.3, 738 A.2d at 843. Indeed, Bryan R. presents a stronger case for potential liability because there was some basis in that case to argue that the church had a fiduciary responsibility.

Similarly, in the Fortin case, there would have been no need to explore the special relationship created by Fortin's status as an alter boy and parochial school student if it had been sufficient to allege that the church had kept in office a parish priest who it knew had a propensity to sexually exploit and abuse young boys. 2005 ME 57 ¶ 3, 871 A.2d at 1212.

4

The court does not have to reach the question of whether Maine would recognize a duty to protect in cases where a dangerous mechanical condition has been created by the defendant or where the defendant personally sets in motion a physical process that poses a risk to the plaintiff. See, e.g., Restatement, Second, Torts § 321, illustration 1. At least where intervening actions of third persons are involved, given the unpredictability of human behavior, the court does not conclude that the complaint in this case alleges facts that would give rise to a duty on McNerney's part to protect Christopher Denis from harm at the hands of a third person.

The entry shall be:

Defendant McNerney's motion to dismiss the complaint as against her is granted. The case shall continue as against the other defendants. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: February _9_, 2006

Thomas D. Warren
Justice, Superior Court

JAMES MACADAM, ESQ.
208 FORE STREET
PORTLAND, ME 04101

*Pl's*

CORNELIA FISHER, ESQ.
PO BOX 7046
PORTLAND, ME 04112-7046

*Def. S. McNerny*

JOHN CAMPBELL, ESQ.
PO BOX 369
PORTLAND, ME 04112-0369

*Def. M. Perry & Weatherby*