STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss. CIVIL ACTION
DOCKET NO. CV-08-88

ΞΞΞ JUL ΄7 ;Ρ I2: 47

FELICITY FERRELL, in her capacity as
Personal Representative of the
ESTATE OF ROBERT WAGNER,
                              Plaintiff
                                                        ORDER ON ALL
v.                                                      PENDING MOTIONS

STEVEN M. CLARK,
IAN O'HORA,
KENKEV II, INC. and
LEAH D. (# 506),
                              Defendants


        Before the Court is Defendants Kenkev II, Inc. and Leah D. (#506)'s

Motion to Dismiss all claims against them. Also before the Court are two

Motions to Stay these proceedings pending the resolution of Defendant Steven

Clark's appeal of his conviction.

## BACKGROUND

        On February 12, 2008, Plaintiff Felicity Ferrell ("Plaintiff"), in her capacity

as Personal Representative of the Estate of Robert Wagner, filed a Complaint

against Defendants Steven Clark ("Clark"), Ian O'Hora ("O'Hora"), Kenkev II,

Inc. ("Kenkev") and Leah D. (#506) alleging two counts under Maine's Wrongful

Death statute and one count of negligence. These claims stem from events that

occurred the evening of February 14, 2006 and the early morning of February 15,

2006. On that evening, Clark, O'Hora and Robert Wagner ("Wagner") went to

Platinum Plus, a club located in Portland, Maine that is owned by Defendant

Kenkev. While at the club, Clark, O'Hora and Wagner were served by

Defendant Leah D. (#506). Leah D. initially served the three men a mixed drink called "Red Bull and vodka," but later served them only Red Bull, a non-alcoholic beverage, after noticing that the three men were visibly intoxicated. The Plaintiff asserts that Kenkev serves Red Bull without alcohol from 1:00 AM to closing to promote the caffeine high, which in turn prevents patrons from realizing the degree of their intoxication.

After leaving the club in the early morning of February 15, 2006, the three men went to Clark's home where a confrontation occurred. During this confrontation, Wagner was fatally shot by Clark. Clark was convicted of murder and has appealed his conviction to the Law Court. The appeal is pending at this time.

Defendants Kenkev and Leah D. now move to dismiss the claims against them on the basis that the claims are barred by the Maine Liquor Liability Act, 28-A M.R.S.A. § 2501 et seq. Plaintiff Felicity Ferrell, in her capacity as the Personal Representative of Wagner's Estate, and Defendant Clark move to stay all proceedings pending the resolution of Clark's appeal of his conviction to the Law Court.

## DISCUSSION

### I.    Motion to Dismiss

Defendants Kenkev and Leah D. (#506) (hereinafter collectively referred to as "Kenkev") move to dismiss Plaintiff's claims against them on the basis that they are barred by the Maine Liquor Liability Act, 28-A M.R.S.A. § 2501 et seq. On a motion to dismiss, the court must view the facts alleged in the complaint as if they were admitted. *Fortin v. Roman Catholic Bishop of Portland*, 2005 ME 57, ¶ 10, 871 A.2d 1208, 1213. The court then examines the complaint in the light most

favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. *Id.* ¶ 10, 871 A.2d at 1213-14. "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Protection*, 498 A.2d 260, 266 (Me. 1985)).

The Maine Liquor Liability Act is the exclusive remedy against servers of alcohol "for claims by those suffering damages based on the servers' service of liquor." 28-A M.R.S.A. § 2511 (2008). The Act sets forth who may sue and not sue thereunder, 28-A M.R.S.A. §§ 2504; establishes the measure of damages, 28-A M.R.S.A. §§ 2508, 2509; and requires plaintiffs to give notice within 180 days of the date of the server's conduct creating liability under the Act, 28-A M.R.S.A. § 2513. The Plaintiff argues that the Maine Liquor Liability Act is not applicable in the instant case.

The Plaintiff's argument is that Kenkev was negligent not in serving alcohol, but in serving Red Bulls from 1:00 AM to closing, which "prevents the patrons from realizing the degree of intoxication from which they do or may suffer." Complaint ¶ 14. In her Opposition to Kenkev's Motion to Dismiss, the Plaintiff argues that she is not limited to the remedies under the Maine Liquor Liability Act because her claims "are based on the server's service of 'Red Bulls' [sic] which ultimately reduces the perception of alcohol's side effects and delays the perception of intoxication. A substantial body of scientific evidence exists that the caffeine/sugar content of Red Bull masks the depressant effect of alcohol, which can make people feel like they are less intoxicated than they really

are." Plaintiff's Opposition, page 3. As Red Bull is a non-alcoholic beverage, the Plaintiff argues that her claims derived from Kenkev's service of Red Bull are not within the scope of the Maine Liquor Liability Act.

The Plaintiff, however, ignores the fact that her argument that Kenkev negligently served Red Bull necessarily depends on Kenkev's service of liquor. Indeed, all of Plaintiff's arguments about Red Bull involve her claim that Red Bull masks the effects of intoxication and makes the drinker less aware of his intoxication. Complaint ¶ 23. Thus, these arguments depend on her allegations that Clark, O'Hora and Wagner were first served alcohol at the club followed by the service of Red Bull, which lessened their ability to recognize the level of their intoxication. As such, the Plaintiff's damages in the instant case are "based on the servers' service of liquor," 28-A M.R.S.A. § 2511, which means that the Maine Liquor Liability Act provides the Plaintiff's exclusive remedy.[1]

The Court's holding is in accord with the Law Court's decision in *Jackson v. Tedd-Lait Post No. 75, American Legion*, 1999 ME 26, 723 A.2d 1220. In *Jackson*, the plaintiff had been drinking at the defendant bar and was ordered to leave by the bartender. 1999 ME 26, ¶ 2, 723 A.2d at 1220. The plaintiff asked the bartender to call him a cab, but she refused. *Id.* The plaintiff was hit by a car and brought suit under the Maine Liquor Liability Act in addition to asserting negligence claims against the defendant. *Id.* ¶¶ 3-4, 723 A.2d at 1220-21. The trial court dismissed the negligence counts based on the exclusivity provision of

---

[1] The Court acknowledges the anomaly that would exist if the Maine Liquor Liability Act were held not to apply in the situation where a bar served an individual only Red Bull drinks after that individual had been served alcohol at a different bar. Nonetheless, this Court is obligated to apply the law pursuant to its plain meaning, which requires the application of the Maine Liquor Liability Act on the facts of the instant case because Kenkev's service of Red Bull is so closely connected to its service of alcohol.

4

the Act. *Id.* ¶ 5, 723 A.2d at 1221. On appeal, the plaintiff argued that his negligence claims were not based on the defendant's service of liquor, but rather on the defendant's conduct in ejecting him from the bar and refusing to call him a cab. *Id.* ¶ 6, 723 A.2d at 1221. The Law Court rejected this argument, holding that the only way a special relationship could exist between the plaintiff and defendant that could give rise to a duty is if it was "created by the service of a large quantity of liquor to [the plaintiff]. Likewise, if a dangerous situation was created by the [defendant], it was caused by the service of liquor." *Id.* ¶ 8, 723 A.2d at 1221. The Law Court concluded, "In this case it is the service of liquor that is at the very center of creating the special relationship, dangerous situation or unreasonable risk, and, therefore, the exclusivity provision of the [Act] is applicable." *Id.* ¶ 9, 723 A.2d at 1222.

Similarly, in the instant case, all of Plaintiff's claims arise from Kenkev first serving Clark and O'Hora liquor.[2] As such, the Maine Liquor Liability Act provides the Plaintiff's exclusive remedy. On this record, it is not possible for the Court to determine whether the Plaintiff may be able to sustain a claim under the Maine Liquor Liability Act. Therefore, Kenkev's Motion to Dismiss is denied without prejudice to Kenkev filing a renewed motion to dismiss[3] with respect to the issue of whether notice was provided pursuant to 28-A M.R.S.A. § 2513.

---

[2] The Plaintiff makes no allegation that the service of Red Bull to a person who is not intoxicated constitutes negligence.

[3] A motion to dismiss may be appropriate in this context because there is a jurisdictional question as to whether the Plaintiff sent the required notice under 28-A M.R.S.A. § 2513 such that she can sustain a claim under the Maine Liquor Liability Act, which provides her exclusive remedy.

5

## II.     Motions to Stay

Both the Plaintiff and Defendant Steven Clark move this Court to stay the current action pending the resolution of Clark's appeal of his conviction to the Law Court. As Kenkev and Defendant O'Hora do not oppose these Motions, the Motions to Stay are granted.

Therefore, the entry is:

Defendants Kenkev II, Inc. and Leah D. (#506)'s Motion to Dismiss is DENIED without prejudice.

Plaintiff Felicity Ferrell, in her capacity as Personal Representative of the Estate of Robert Wagner, and Defendant Steven Clark's Motions to Stay all proceedings in this case pending the resolution of Defendant Steven Clark's appeal of his conviction are GRANTED except with respect to the renewal of the Motion to Dismiss.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this 17th day of July, 2008.

Robert E. Crowley
Justice, Superior Court

6

ESTATE OF ROBERT WAGNER - PLAINTIFF

Attorney for: ESTATE OF ROBERT WAGNER
ANDREWS B CAMPBELL  - RETAINED 02/12/2008
CAMPBELL LAW OFFICE
919 RIDGE ROAD
BOWDOINHAM ME 04008


vs
STEVEN M CLARK  - DEFENDANT   -Pro Se

,
IAN O'HORA  - DEFENDANT

,
Attorney for: IAN O'HORA
CHRISTOPHER DINAN  - RETAINED 06/06/2008
MONAGHAN LEAHY LLP
95 EXCHANGE ST
PO BOX 7046
PORTLAND ME 04112-7046


KENKEV II INC D/B/A PLATINUM PLUS - DEFENDANT

,
Attorney for: KENKEV II INC D/B/A PLATINUM PLUS
DANIEL RAPAPORT  - RETAINED 04/14/2008
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


Attorney for: KENKEV II INC D/B/A PLATINUM PLUS
WILLIAM KNOWLES  - RETAINED 03/26/2008
VERRIL DANA LLP
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586


Attorney for: KENKEV II INC D/B/A PLATINUM PLUS
HOLLY E RUSSELL  - RETAINED 06/27/2008
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


LEAH D (506)  - DEFENDANT

,
Attorney for: LEAH D (506)
DANIEL RAPAPORT  - RETAINED 04/14/2008
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2008-00088


DOCKET RECORD

Attorney for: LEAH D (506)
WILLIAM KNOWLES  - RETAINED 03/26/2008
VERRIL DANA LLP
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586


Attorney for: LEAH D (506)
HOLLY E RUSSELL  - RETAINED 06/27/2008
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


FELICITY FERRELL  - PERSONAL REPRESENTATIVE


Attorney for: FELICITY FERRELL
ANDREWS B CAMPBELL  - RETAINED 02/12/2008
CAMPBELL LAW OFFICE
919 RIDGE ROAD
BOWDOINHAM ME 04008



Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 02/12/2008

## Docket Events:

02/12/2008 FILING DOCUMENT - COMPLAINT FILED ON 02/12/2008


02/15/2008 Party(s):  ESTATE OF ROBERT WAGNER
           ATTORNEY - RETAINED ENTERED ON 02/12/2008
           Plaintiff's Attorney: ANDREWS B CAMPBELL


02/15/2008 Party(s):  FELICITY FERRELL
           ATTORNEY - RETAINED ENTERED ON 02/12/2008
           Attorney: ANDREWS B CAMPBELL


02/15/2008 Party(s):  ESTATE OF ROBERT WAGNER,FELICITY FERRELL
           OTHER FILING - ENTRY OF APPEARANCE FILED ON 02/12/2008
           OF ANDREWS B CAMPBELL ESQ ON BEHALF OF FELICITY FARRELL PR AND ESTATE OF ROBERT WAGNER
                                                             KD


02/15/2008 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 02/15/2008
           KD


03/28/2008 Party(s):  KENKEV II INC D/B/A PLATINUM PLUS,LEAH D (506)
           MOTION - MOTION TO DISMISS FILED ON 03/26/2008
           OF DEFENDANTS, KENKEV II, INC. AND "LEAH D. (#506)" 'S MOITON TO DISMISS WITH INCORPORATED
           MEMORANDUM OF LAW. AD


04/01/2008 Party(s):  STEVEN M CLARK
           MOTION - MOTION PROCEED W/O FEE FILED ON 03/21/2008
           APPLICATION OF DEFENDANT, STEVE CLARK TO PROCEED WITHOUT PAYMENT OF FEES WITH INDIGENCY
           AFFIDAVIT. AD