MAINE SUPREME JUDICIAL COURT                                        Reporter of Decisions
Decision:      2015 ME 29
Docket:        Cum-14-202
Argued:        February 12, 2015
Decided:       March 17, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

MARK CHARTIER

v.

FARM FAMILY LIFE INSURANCE CO. et al.

GORMAN, J.

[¶1]   Mark Chartier appeals from a summary judgment entered in the Superior Court (Cumberland County, *Wheeler, J.*) in favor of Farm Family Life Insurance Co., Joseph Miller, and Gorham Savings Bank on Chartier's complaint alleging breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and negligence. Chartier contends that there are genuine issues of material fact in dispute as to each cause of action that preclude the entry of summary judgment. We affirm the judgment.

I. BACKGROUND

[¶2]   The summary judgment record establishes the following undisputed facts, which are viewed in the light most favorable to Chartier as the nonprevailing party. *See Lubar v. Connelly*, 2014 ME 17, ¶ 4, 86 A.3d 642. Chartier and

2

Lisa M. (Chartier) Heward were married from 2001 to 2011. In 2002, Chartier and Heward opened a joint checking account with the Bank. Among the terms of the account agreement was that "[a]ll deposits are the property of the persons indicated on the account, and the Bank may release all or any part of the amount in the account to honor checks, withdrawals, orders or requests from any person named on the account." The account agreement also stated that "[e]ach joint owner guarantees the signature of the other joint owners and authorizes the others to indorse checks for deposit if they are payable to any of the joint owners, subject to the Bank's further approval." The account agreement further provided that the Bank could take action requested by any joint owner. The relationship between Chartier and the Bank was a typical bank-customer relationship.

[¶3] On March 13, 2006, through sales agent Joseph Miller, Chartier purchased an annuity policy from Farm Family with a face value of $100,000, for which he later named Heward as primary beneficiary. In 2009, Heward contacted Miller to obtain advice about the penalties and tax consequences of cashing out the annuity, and requested and obtained from Miller's office the form required to do so. Heward signed Chartier's name to the form, making the signature look like Chartier's, and signed her name in her own handwriting as a witness. Heward faxed the completed form requesting the cash value of the annuity to Farm Family.

Farm Family issued a check payable to Chartier in the amount of $109,669.49, which it mailed to Chartier's home.

[¶4] On October 26, 2009, Heward deposited the check into her and Chartier's joint account with the Bank. The check contained no indorsement by Chartier, and was instead marked "For Deposit Only." Two weeks later, Heward withdrew $40,000 from the joint account into which she had deposited the check. That same day, she informed Chartier that she wanted a divorce.

[¶5] In October of 2012, Chartier filed a complaint in the Superior Court against Farm Family, Joseph Miller, and Gorham Savings Bank alleging breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and negligence on the ground that Heward had cashed out and deposited the annuity policy without his knowledge or consent.[1] Chartier appeals from the court's grant of a summary judgment in favor of Farm Family, Miller, and the Bank as to all counts.

## II. DISCUSSION

[¶6] A party is entitled to a summary judgment if the summary judgment record, taken in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact in dispute and the moving party would be

---

[1] Chartier also named as defendants Key Bank and American Funds Distributors, Inc., but does not challenge the court's decision dismissing the claims against them.

[2] Given the summary judgment record, Chartier's challenges to the entry of a summary judgment in

4

entitled to a judgment as a matter of law at trial. *See Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d 733. As the plaintiff and party opposing summary judgment, it was Chartier's burden to present a prima facie case for each challenged element of each claim, and establish at least one disputed fact as to each challenged claim. *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 9, 742 A.2d 933. Chartier challenges the court's determination that he failed to meet this burden for his cause of action for breach of the implied covenant of good faith and fair dealing against the Bank.[2] We review de novo the grant of the motions for summary judgment. *Id*. ¶ 7.

[¶7] Chartier's separate cause of action against the Bank for "breach of the implied covenant of good faith and fair dealing," which was premised on the Bank's acceptance of the check without indorsement and its deposit of the check in Chartier and Heward's joint account, appears to assert an independent action for failure to perform or enforce in good faith. We have declined to recognize such an independent action. Instead, a failure to comply in good faith with Maine's Uniform Commercial Code (U.C.C.) or to perform under a regulated contract may

---

2 Given the summary judgment record, Chartier's challenges to the entry of a summary judgment in favor of Farm Family, Miller, and the Bank on his claims for breach of fiduciary duty and negligence, and on his claims for breach of the duty of good faith and fair dealing against Farm Family and Miller, are not persuasive and will not be discussed further. *See Donovan v. Bank of Am.*, 574 F. Supp. 2d 192, 204 (D. Me. 2008), *Stewart v. Machias Sav. Bank*, 2000 ME 207, ¶ 11, 762 A.2d 44; *Bryan R. v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, 1999 ME 144, ¶¶ 15, 20, 738 A.2d 839; *Greenvall v. Me. Mut. Fire Ins. Co.*, 1998 ME 204, ¶ 14, 715 A.2d 949; *Szelenyi v. Morse, Payson & Noyes Ins.*, 594 A.2d 1092, 1094 (Me. 1991).

constitute a breach of contract. "Every contract or duty within [Maine's] Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement."[3] 11 M.R.S. § 1-1304 (2014). "Good faith" is defined as "honesty in fact and the observance of reasonable commercial standards of fair dealing." 11 M.R.S. § 1-1201(20) (2014). Thus, good faith according to title 11 contains components of both actual honesty and an objective component of commercial reasonableness. *Niedojadlo v. Cent. Me. Moving & Storage Co.*, 1998 ME 199, ¶ 9, 715 A.2d 934.

[¶8] Accordingly, we analyze the Bank's actions to determine if they fell short of any standard of care contained in the applicable sections of the U.C.C. Heward brought to the Bank the check made payable to Chartier. Chartier had not indorsed the check, but "For Deposit Only" was written on the back of the check. Heward then deposited the check in her and Chartier's joint account. Title 11 M.R.S. § 3-1201(2) (2014) provides that "if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder." Relying on section 3-1201(2), Chartier contends that the check was not properly negotiated because it was not indorsed by him as the holder.

---

[3] Although the parties to a contract governed by the U.C.C. may vary its terms by agreement, they "can not disclaim a bank's responsibility for its lack of good faith or failure to exercise ordinary care." 11 M.R.S. § 4-103(1) (2014).

[¶9]  Chartier's reading of section 3-1201(2) reflects his failure to consider other U.C.C. provisions, specifically those that allow the deposit of an unindorsed check.  Title 11 M.R.S. § 4-205(1) (2014) sets forth the circumstances in which a bank itself is deemed to be the holder of a check: "If a customer delivers an item to a depositary bank for collection . . . [t]he depositary bank becomes a holder of the item at the time it receives the item for collection if the customer at the time of delivery was a holder of the item, whether or not the customer indorses the item . . . ."[4]  A "[d]epositary bank" is "the first bank to take an item even though it is also the payor bank, unless the item is presented for immediate payment over the counter."  11 M.R.S. § 4-105(1) (2014).

[¶10]  Here, the Bank is a "depositary bank" because it was the first bank to take Farm Family's check and no immediate withdrawal of funds from the check was requested.  As the depositary bank, it was authorized by section 4-205 to accept the check for deposit without Chartier's indorsement.  Further, Chartier admitted to the Bank's statements of material facts that his deposit agreement with the Bank allows the Bank to honor checks and allow withdrawals by any person named on the account and to "follow directions given and take action requested"

---

[4]  A "[h]older" is defined, inter alia, as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."  11 M.R.S. § 1-1201(21) (2014).

by any joint owner. Chartier admits that Heward was in fact named on the account as a joint owner.

[¶11] Because the statute expressly permits, and Chartier's agreement with the Bank also allows, the Bank to take the very actions that Chartier now asserts constitute a breach of contract or failure to comply with the U.C.C., we conclude that a summary judgment was properly entered in the Bank's favor on this count.

The entry is:

> Judgment affirmed.

---

**On the briefs:**

    Anthony J. Sineni, III, Esq., Law Office of Anthony J. Sineni, III, LLC, Portland, for appellant Mark Chartier

    Paul S. Douglass, Esq., Paul S. Douglass, P.A., Lewiston, for appellees Farm Family Life Insurance Co. and Joseph Miller

    Thad B. Zmistowski, Esq., and Megan E. Randlett, Esq., Eaton Peabody, P.A., Bangor, for appellee Gorham Savings Bank

**At oral argument:**

    Anthony J. Sineni, III, Esq., for appellant Mark Chartier

    Paul S. Douglass, Esq., for appellees Farm Family Life Insurance Co. and Joseph Miller

    Thad B. Zmistowski, Esq., for appellee Gorham Savings Bank