STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.

STATE OF MAINE
Cu........................Office

OCT 6...

RECEIVED

SAMUEL B. DESJARDINS

                        Plaintiff

        v.                                Docket No. PORSC-CV-16-296

CYNTHIA L. MOODY et als.

                        Defendants

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Rule 15(a) of the Maine Rules of Civil Procedure, Plaintiff Samuel B. Desjardins has filed a Motion for Leave to Amend Complaint that is opposed by Defendant Cumberland Farms, Inc., one of multiple defendants. The court elects to decide the Motion without oral argument. *See* M.R. Civ. P. 7(b)(7).

*Background*

The underlying facts and circumstances, taken as true for present purposes, are that, on January 6, 2015, Plaintiff was severely injured in an automobile accident caused by Defendant Cynthia Moody, who was driving drunk. Her breath alcohol level hours after the accident was several times above the legal limit and she has been convicted of operating under the influence.

Cumberland Farms and other Defendants are named as being potentially liable under the Maine Liquor Liability Act (MLLA) for having served or sold Defendant Moody alcoholic beverages before the accident. *See* 28-A M.R.S. §§ 2501 *et seq.* The claim against Cumberland Farms is based on Moody's purchase of beer at a Cumberland Farms store in Brunswick minutes before the accident involving Plaintiff's vehicle.

However, Defendant Moody at her deposition evidently has testified that she had not consumed any of the beer prior to the accident, thereby raising a causation issue for purposes of

Plaintiff's MLLA claim against Cumberland Farms. Plaintiff's Motion for Leave to Amend Complaint seeks, by means of Count III, to add a claim against Cumberland Farms for common law negligence.

Cumberland Farms objects to the negligence claim as being futile on the ground that its liability, if any, in this case is governed exclusively by the MLLA, and that Plaintiff has no cognizable claim for common law negligence.

Plaintiff contends that Cumberland Farms was negligent, not just because it sold alcoholic beverages to Moody when she was visibly intoxicated for purposes of the MLLA, but also because it "failed to take reasonable steps under the circumstances to prevent Defendant Moody from driving, although it knew or should have known that Defendant Moody was intoxicated and would pose a danger to others while driving." Plaintiff's (Proposed) First Amended Complaint ¶ 12.

Plaintiff's reply memorandum alludes to the liberal standard for allowing amendment of pleadings, *see* M.R. Civ. P. 15(a), and contends that the amendment should be allowed because there exists a conceivable set of facts that would support an independent negligence claim. Specifically, Plaintiff contends that, under the circumstances, Cumberland Farms had a duty to call the police or otherwise to prevent Moody from driving away from the store: " . . . Plaintiff's negligence claim would not be based on the alleged sale of alcohol at all, but upon the failure to call the police despite knowledge of Moody's driving while in an extreme state of intoxication." Plaintiff's Reply Memorandum at 7.

Plaintiff's reply memorandum sets forth a detailed narrative of facts developed in discovery indicating that the employees of Cumberland Farms clearly knew Moody was highly intoxicated when she bought beer—stumbling and otherwise showing every sign of being drunk—to the extent that at least one employee was extremely concerned about the risk of an accident and, in hindsight, regretted not having called the police. *See* Plaintiff's Reply

Memorandum at 3-7. Plaintiff asserts that Moody was a frequent customer of the Cumberland Farms store in question, and often was sold alcoholic beverages when she was visibly intoxicated.

Cumberland Farms's objection to the negligence claim asserts that, for purposes of common law negligence, it had no duty to call the police or prevent Moody from driving, and that its liability, if any, is solely under the MLLA.

*Analysis*

As the Law Court observed in *Jackson v. Tedd-Lait Post No. 75*, 1999 ME 26, 723 A.2d. 1220, "absent a special relationship, the law imposes no duty to act affirmatively to protect someone from danger unless the dangerous situation was created by the defendant." 1999 ME 26 at ¶8, 723 A.2d at 1221. As the court in *Jackson* also noted, when "it is the service of liquor that [creates] the special relationship, dangerous situation or unreasonable risk, . . . the exclusivity provision of the MLLA is applicable." *Id.*

The facts of this case are, in some respects, similar to those in *Jackson*. In Jackson, the plaintiff had consumed 25-30 beers and 5-7 shots of vodka at a bar before being ejected. He asked the bartender to call a cab for him and the bartender refused. Plaintiff then went outside and was hit by a car. He sued the bar, as the Plaintiff in this case proposes to do, both for violating the MLLA and for common law negligence. The trial court granted judgment on the negligence claim and a jury found for the defendant on the MLLA claim. On appeal, the Law Court rejected the plaintiff's argument that he had a viable common law negligence claim, noting that absent a "special relationship," there is no liability for failing to protect against a danger or risk unless the defendant has created the danger or risk. 1999 ME 26 at ¶8, 723 A.2d at 1221.

In *Thibodeau v. Slaney*, the Law Court noted that the MLLA's exclusivity provision does not bar an independent claim for negligence when the alleged negligence is premised on some

3

act or omission other than the service of alcoholic beverages. 2000 ME. 116, ¶ 17, 755 A.2d 1051, 1056.[1] The court said,

> The MLLA cannot be construed to bar every claim where actions by a defendant, other than serving alcohol, are alleged to have caused a plaintiff injury and there is evidence that during the course of their activities, the defendant happened to serve the plaintiff one or more alcoholic beverages. Such a construction would, in essence, be a license for individuals who have served other individuals alcohol to negligently injure those individuals as long as the service of alcoholic beverages does not rise to the MLLA standard of recklessness. The Legislature certainly did not intend such a license for negligence when it adopted the MLLA.

2000 ME. 116, at ¶ 17, 755 A.2d at 1056.

Thus, if the Plaintiff could identify some basis for its common law negligence claim independent of the sale of beer to Moody, Plaintiff's common law negligence claim might be viable. But the only other basis Plaintiff identifies and alleges is the failure to call police or to stop Moody from driving away—nonfeasance that the Law Court in *Jackson* has said is not sufficient to support a common law negligence claim. Cumberland Farms's failure to call the police did not create the risk or danger that Moody would cause the accident. Nor has Plaintiff alleged or identified any basis, apart from the sale of beer to Moody, for a "special relationship" between him and Cumberland Farms (or between Moody and Cumberland Farms) that would establish a duty on Cumberland Farms's part to take affirmative action to protect him (or her).

If Cumberland Farms did create any risk or danger, and if any "special relationship" was created, they were created because Cumberland Farms sold beer to an obviously intoxicated customer, and the remedy lies exclusively under the MLLA.

---

[1] In *Thibodeau*, the defendant homeowner served alcoholic beverages to the plaintiff worker who then fell off the roof and was injured. The defendant raised the MLLA as an affirmative defense based on the Plaintiff's failure to give the required notice of claim. *See id.* 28-A M.R.S. § 2513 (180-day notice of claim). After a jury verdict in favor of the plaintiff, the trial court set aside the verdict and granted judgment to the defendant based on the exclusivity provisions of the MLLA. On appeal, the Law Court vacated the decision, based on its view that the jury's verdict could have been based on defendant's negligence in failing to supply safety equipment to plaintiff as opposed to defendant's service of alcoholic beverages.

Thus, what is missing here is that the Plaintiff has not alleged or identified—and the court cannot discern—any conceivable set of facts under which Cumberland Farms could be liable to him for negligence that is not based upon its sale of beer to Moody. In effect, the Plaintiff is asking the court to recognize a duty on the part of a retail business to take steps to prevent an obviously intoxicated customer from being able to drive away and cause an accident. There is such a duty, but, as the decision in *Jackson* indicates, it arises when the business has provided alcoholic beverages to the customer, and in that case, the remedy is solely under the MLLA.

Given the liberal standard of Rule 15(a), the path of least resistance here might be to grant Plaintiff's Motion For Leave to Amend and leave what appears to be the inevitable outcome to the summary judgment process. But when a party seeks to amend to add a claim that is premised on the existence of a legal duty that the law does not recognize, acknowledging the insufficiency of the claim at the inception seems a better response, for the sake of party and court resources.

Accordingly, the court concludes that the new Count III in Plaintiff's proposed First Amended Complaint fails to state a cognizable claim, and therefore that amendment would be futile.

Plaintiff's Motion for Leave to Amend is denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to incorporate this Order by reference in the docket.

Dated October 25, 2016

_____

A. M. Horton, Justice

5