STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.

ERIC CRAIGUE individually, as parent          STATE OF MAINE
and next friend of Charlie Craigue, and as     Cumberland. ss. Clerk's Office
personal representative of the Estate of
Destiny Victoria Daye                            JUL 07 2017
                     Plaintiff                     9:04AM
                                                 RECEIVED

       v.                                      Civil Action Docket No. PORSC-CV-16-0316

DANIEL PRICE

                     Defendant

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Defendant Daniel Price's Motion for Summary Judgment and Plaintiff Eric Craigue's Cross-Motion for Summary Judgment are before the court. Oral argument was held July 5, 2017.

The sole issue presented is whether Defendant is liable to Plaintiff in any of the three capacities in which he has brought this action for the death of Destiny Daye. Destiny Daye died of a drug and alcohol overdose while she was living with Defendant at his parents' home.

For the reasons set forth below, the court grants summary judgment to the Defendant.

### Background

The following facts are undisputed except where indicated.

As of 2015, Plaintiff Eric Craigue and Destiny Daye were married and the parents of Charlie Craigue. In late 2015, Destiny Daye moved out of the marital residence at Eric Craigue's insistence. He suspected she was using drugs and felt she

1

presented a safety risk to their son, to the point that she needed to leave the home. After she left the home, Destiny Daye began spending time with Defendant Daniel Price and eventually began an intimate relationship with him. By May 2016, she was living with Daniel Price at his parents' home. She died there May 4, 2016, as the result of overdosing on a combination of alcoholic beverages and heroin laced with fentanyl.

The only available evidence in the summary judgment record about the circumstances leading to Destiny Daye's death comes from Defendant Daniel Price.

Defendant's account is essentially as follows:

Before his relationship with Destiny Daye began, Daniel Price had not used illegal drugs other than marijuana. During the six months he and Destiny Daye were together, Destiny Daye continued to use heroin and other illegal drugs that she obtained from friends. About a week before she died, she gave him some heroin she had acquired. It was the first time he had tried heroin, he says.

On May 3, 2016, the two of them consumed enough alcoholic beverages to become highly intoxicated. That evening Destiny Daye contacted a drug dealer she knew using her telephone and made arrangements to purchase heroin. Daniel Price voiced opposition to going to buy drugs, but Destiny Daye insisted and eventually "talked [him] into it." Daniel Price says that if he had not helped her, she would have gotten a former boyfriend to go with her to make the purchase. Reluctantly, he drove with her to the dealer in Scarborough, and he paid the dealer $80 for heroin. At Destiny Daye's initiative, they used some of the heroin on the spot. They then went back to his parents' home with the rest.

At the home, they continued to drink alcoholic beverages and they both used the rest of the heroin. Destiny Daye went to bed first and Daniel Price joined her in the bed later, noticing that she was snoring loudly. When he awoke the next morning—May 4, 2016—he found her unresponsive, with a foamy substance around her nose. She could not be revived and later was pronounced dead.

*Standard of Review*

A party moving for summary judgment must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653. A "material fact" is one that can affect the outcome of the case, and a genuine issue exists when there is sufficient evidence for a fact finder to choose between competing versions of the facts. *Lougee Conservancy v. City-Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774.

Summary judgment is also appropriate if, looking at the record in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, no reasonable juror could find for the non-moving party. *Id.* ¶ 14, n. 3 (quoting *Scott v. Harris*, 550 U.S. 372, 377 (2007)). This is true "even when concepts such as motive or intent are at issue…if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Dyer. v. Dep't. of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821 (quoting *Vives v. Fajardo*, 472 F.3d 19, 21 (1st Cir. 2007)); *Bouchard*, 661 A.2d at 1144-45 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)) ("If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted"). Accordingly, a "judgment as a matter of law in a defendant's favor is proper when any jury verdict for the plaintiff would be based on conjecture or speculation." *Stanton v. Univ. of Maine System*, 2001 ME 96, ¶ 6, 773 A.2d 1045.

When, as in this case, a defendant moves for summary judgment and its motion is properly supported, the burden shifts to the plaintiff to respond with specific facts establishing a prima facie case for each element of the claim challenged by the defendant. M.R. Civ. P. 56(e); *Chartier v. Farm Family Life Ins. Co.*, 2015 ME 29, ¶ 6, 113 A.3d 234. In either case, if the non-moving party fails to present sufficient evidence of the challenged elements, the moving party is entitled to a summary judgment. *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897. Even if one party's version of the facts appears more credible and persuasive, any genuine issue of material fact must be resolved by the fact finder, regardless of the likelihood of success. *Estate of Lewis v. Concord Gen. Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732.

*Analysis*

Plaintiff Craigue's Amended Complaint does not identify the precise theory or theories of liability on which it is based, but the claim appears to sound in negligence, in that the Amended Complaint alleges that Defendant Price had a duty of care to protect Destiny Daye from the overdose that took her life, and that he violated that duty.

However, the law would impose the asserted duty of care upon Defendant Price only if he and Destiny Daye were in the kind of special relationship that generates a duty of care, or if he created the risk of danger or harm to her. *See Jackson v. Tedd-Lait Post No. 75*, 1999 ME 26, ¶8, 723 A.2d. 1220, 1221 ("[A]bsent a special relationship,

4

the law imposes no duty to act affirmatively to protect someone from danger unless the dangerous situation was created by the defendant").

The factual record does not furnish any basis for the existence of a "special relationship." Daniel Price and Destiny Daye were living together in an intimate relationship but that alone is not enough. There is no indication that their relationship had the hallmarks of a "special relationship" that can generate a special duty of care where none would otherwise exist.

Likewise, the factual record, which consists mainly of Defendant Price's deposition testimony, indicates clearly that it was Destiny Daye who led Daniel Price into using heroin and that it was she who initiated the buy of the heroin/fentanyl that, along with alcoholic beverages, led to her fatal overdose. He may have paid for the heroin and may have driven Destiny Daye to the place where the buy was made, but the factual record plainly labels her as primarily responsible for the buy.

Plaintiff challenges the veracity of Daniel Price's account of events leading up to the overdose. In a Supplemental to Objection and Cross-Motion filed the day of oral argument, Plaintiff presents statements of police officers who know the Defendant to the effect that Defendant's history of heroin use is much greater than Defendant claims. Even conceding that point, the fact remains that Mr. Price's portrayal of himself as a reluctant participant in Destiny Daye's purchase of the heroin that took her life is uncontradicted in the factual record.

The factual record before the court does not contain facts indicating that Mr. Price breached a duty of care arising either out of a special relationship or out of his having created the risk of harm.

5

Thus, even if the factfinder were to reject Mr. Price's account of events as not credible, there is no competing set of facts in the record based on which a reasonable factfinder could find him liable for causing the death of Destiny Daye. For that reason, Plaintiff Craigue cannot be deemed to have met his burden to generate facts amounting to a prima facie showing of liability, sufficient to withstand Defendant's Motion for Summary Judgment.

The court concludes that Defendant Daniel Price has established that there are no genuine issues of material fact—meaning facts that a reasonable factfinder could deem sufficient to hold him liable for causing the death of Destiny Daye—and that he is entitled to judgment as a matter of law.

Defendant's Motion for Summary Judgment is granted. Plaintiff's Cross-Motion for Summary Judgment is denied.

Plaintiff's Motion for Expedited Order and July 2017 Trial is dismissed as moot.

Summary judgment on the complaint is hereby granted to Defendant Daniel Price, along with recoverable costs as the prevailing party. This constitutes a final judgment as to all claims and parties.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order in the docket by r6eference.

Dated July 6, 2017

_____
A. M. Horton, Justice

ROBERT NADEAU, ESQ
NADEAU LEGAL
311 ALFRED STREET
BIDDEFORD, ME  04005-3127

6

MARTICA DOUGLAS, ESQ
DOUGLAS DENHAM BUCCINA & ERNST
PO BOX 7108
PORTLAND, ME  04112-7108

STATE OF MAINE
Cumberland, ss. Clerk's Office

FEB 1 4 2017

RECEIVED

ERIC CRAIGUE individually, as parent
and next friend of Charlie Craigue, and as
personal representative of the Estate of
Destiny Victoria Daye

Plaintiff

v.

DANIEL PRICE, LEWIS D. PRICE
and DIANE L. PRICE

Defendants

Docket No.: PORSC-CV-16-0316

## ORDER ON RENEWED MOTION TO DISMISS

Pursuant to M.R. Civ. P. 12(b)(6), Defendants Daniel Price, Lewis D. Price and Diane L. Price have renewed their Motion to Dismiss the Amended Complaint of Plaintiff Eric Craigue, individually, as next friend of Charlie Craigue and as personal representative of the Estate of Destiny Victoria Daye. Plaintiff has filed a timely objection and Defendants have filed a reply.

The pertinent allegations of the Amended Complaint are that Plaintiff is the widower of Destiny Victoria Daye; the father of their minor child, Charlie Daye, and the personal representative of her Estate. Plaintiff contends that Destiny Victoria Daye died May 4, 2016 of an overdose of fentanyl combined with alcohol at a home owned by Defendants Lewis and Diane Price, at which they and their son Daniel Price were residing, and where they permitted Destiny Victoria Daye to reside as well. The Complaint alleges that Destiny Victoria Daye and Daniel Price were in a romantic and "illegal drug-procurement relationship," of which Defendants Lewis and Diane Price were aware.

Paragraph 10 of the Amended Complaint alleges that Daniel Price "accompanied and assisted Destiny in the procurement of illegal drugs, and accompanied and assisted Destiny to,

1

or failed to prevent Destiny from, her use of those drugs within the premises that led to her overnight death within those premises." The Amended Complaint alleges that Lewis and Diane Price were aware that their son and Destiny were using drugs within the home. It alleges that all three Defendants owed a duty to prevent harm to Destiny from her drug use.

The standard of review applicable to a Rule 12(b)(6) motion to dismiss calls for the court to determine whether the pleading to which the motion is directed, viewed in a light most favorable to the non-moving party, states any cognizable claim for relief. *See Town of Eddington v. University of Maine Foundation,* 2007 ME 74, ¶ 5, 926 A.2d 183, 184; *Heber v. Lucerne–in–Me. Vill. Corp.,* 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066.

Defendants' renewed Motion to Dismiss contends that the Complaint fails to state a legally cognizable claim against them for purposes of Rule 12(b)(6). Specifically, they contend that they cannot be held liable for Destiny's death, unless Plaintiff alleges and proves that there was a special relationship that imposed a duty upon them to protect her from harm, or unless Plaintiff alleges and proves that they created the risk of danger or harm that caused her death.

In Maine, there is no common law tort liability for nonfeasance—failure to act—unless the defendant either created the risk that resulted in harm to the plaintiff, or the defendant had a duty to act arising out of a special relationship.

> [I]n instances of nonfeasance rather than misfeasance, and absent a special relationship, the law imposes no duty to act affirmatively to protect someone from danger unless the dangerous situation was created by the defendant. Only when there is a "special relationship," may the actor be found to have a common law duty to prevent harm to another, caused by a third party. There is simply no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless . . . a special relation exists . . . .

*Bryan R. v. Watchtower Bible & Tract Soc'y of N.Y., Inc.,* 1999 ME 144, P 14, 738 A.2d 839, 845 (footnote omitted). *Accord, Jackson v. Tedd-Lait Post No. 75,* 1999 ME 26, ¶ 8, 723 A.2d. 1220, 1221 ("absent a special relationship, the law imposes no duty to act affirmatively to protect someone from danger unless the dangerous situation was created by the defendant").

2

The Amended Complaint does not allege that Lewis and Diane Price actually created the risk that caused harm to Destiny, i.e. administered or at least furnished the illegal drugs that allegedly caused her death. However, paragraph 10, read in a light most favorable to the Plaintiff as it must be, does allege that Daniel Price was involved in obtaining drugs for Destiny and "accompanied and assisted" her in using the drugs. The court has no difficulty with the proposition that someone who furnishes, or clearer still, administers an intoxicant to another under life-threatening circumstances can be deemed to have created the risk of harm.

In the court's view, the allegations that Lewis and Diane Price knew that their son and Destiny were using drugs in the home, procured for them by him, does not create a "special relationship" for purposes of imposing a duty to act where none would otherwise exist. This is not to defend inaction by a parent and homeowner who knows of and tolerates illegal drug use in the home, but has not furnished the drugs. It means only that the common law does not impose civil liability in such an instance.

Accordingly, even viewed in a light most favorable to the Plaintiff, the Amended Complaint fails to state a legally cognizable claim or cause of action as to Lewis and Diane Price but does sufficiently allege facts sufficient to create a duty on the part of Daniel Price .

IT IS HEREBY ORDERED AS FOLLOWS:

1. Defendant's renewed Motion to Dismiss is hereby granted as to Defendants Diane and Lewis Price and is denied as to Defendant Daniel Price. Lewis and Diane Price are hereby dismissed as Defendants.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order in the docket by reference.

Dated February 14, 2017

_____
A. M. Horton, Justice