STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-13-63

BANK OF AMERICA, N.A.,

Plaintiff

v.                                          ORDER

MARIA E. MARTINEZ and
REINALDO MARTINEZ,

Defendants

The Clerk placed three motions on the April 8, 2015 civil motion list. The motion for sanctions was not heard at this time as an order of May 14, 2014 indicated that it would be heard at the same time as any hearing on the complaint and counterclaim. The motion to join and motion for judgment on the pleadings were argued and are ready for decision.

The defendants are native Spanish speakers who borrowed funds in 2004 for the purchase of their home. They eventually fell behind on their payments and a foreclosure action was brought. As their primary, and only, residence was involved the case was referred to mediation. A loan modification was not offered for one or two possible reasons. Bank of America serviced the loan for Federal National Mortgage Association also known as Fannie Mae. Bank of America may have indicated that Fannie Mae, as trustee of a Real Estate Mortgage Investment Conduit (REMIC) trust, was not permitted and would not permit a loan modification because of its agreement with the purchasers of the mortgages securitized through the REMIC trust. The Bank

may also have indicated that a loan modification was not available as Maria Martinez and Reinaldo Martinez did not have enough income.

The first motion is the defendants' motion to join Fannie Mae. Normally I would deny the motion as the Bank of America, as the loan servicer, is a proper party to bring this action. A representative of Fannie Mae could provide discovery responses and be a witness at the trial. It has been represented that Fannie Mae officials will only participate fully if Fannie Mae is a party. Given that a key question is whether a loan modification, despite 2009 Maine legislation establishing a foreclosure mediation program and requiring mediation, *see* 14 M.R.S. §6321-A, can be denied because of provisions in earlier documents where this mortgage and many others were combined and sold to investors. We will need to know, among other things, what those documents are, what they say and whether exceptions are or can be granted. The only practical way to fully explore those issues, which are very important to the defendants and potentially other borrowers, is to have Fannie Mae joined as a plaintiff. Should Fannie Mae not join as a plaintiff it will be made a defendant.

The second motion is the plaintiff's motion for judgment on the pleadings on the defendants' counterclaim. In the counterclaim the defendants have alleged that the original lender, which was not Bank of America, breached a duty of good faith by not giving them sufficient time to review and understand the documents. Regardless of whether the claim is against the wrong entity, or brought too late, *see* 14 M.R.S. §§ 752 & 865, the claim cannot be brought as an independent action. See *Chartier v. Farm Family Life Insurance Co.*, 2015 ME 29, ¶7. No contractual or other provision was breached. Judgment will be entered for the plaintiff on the counterclaim.

2

The entries are:

Defendants' motion for joinder of entity needed for just adjudication is granted.

Plaintiff's motion for judgment on the pleadings against defendants' counterclaim is granted.

Dated:      April 9, 2015

Paul A. Fritzsche
Justice, Superior Court

3

RE-13-63

ATTORNEY FOR PLAINTIFF:
JAMES GARNET
SHECHTMAN HALPERIN SAVAGE LP
1080 MAIN STREET
PAWTUCKET RI  02860

ATTORNEY FOR DEFENDANT:
MARK A KEARNS
LAW OFFICE OF MARK KEARNS
PO BOX 17915
PORTLAND ME  04112

ATTORNEY FOR 3RD PARTY DEFENDANT:
RUFUS BROWN
BROWN & BURKE
PO BOX 7530
PORTLAND ME  04112