MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2014 ME 117
Docket:       Yor-14-89
Submitted
  On Briefs:  September 23, 2014
Decided:      October 30, 2014

Panel:        ALEXANDER, SILVER, MEAD, GORMAN, JABAR, and HJELM, JJ.

CATHERINE DUFFY PETIT

v.

WILLIAM LUMB

ALEXANDER, J.

[¶1]  Catherine Duffy Petit appeals from the judgment of the Superior Court (York County, *Fritzsche, J.*) granting William Lumb's motion to dismiss, M.R. Civ. P. 12(b)(6), and dismissing her complaint against Lumb in its entirety.  The complaint, in sixteen counts, alleged breach of fiduciary duty, fraud, conversion, and related claims arising out of transactions involving Petit and Lumb described in *Cimenian v. Lumb*, 2008 ME 107, 951 A.2d 817, as well as subsequent events.

[¶2]  On appeal, Petit contends that the court erred in (1) not accepting her opposition to Lumb's motion to dismiss because the copy she filed with the court had a photocopied rather than an original signature, *see* M.R. Civ. P. 5(f) ("Filings that are received but which are not signed . . . , shall be returned by the clerk as incomplete."); *see also* M.R. Civ. P. 11(a) ("If a pleading or motion is not signed,

2

it shall not be accepted for filing."); and (2) granting the motion to dismiss when, she asserts, her complaint sufficiently alleged causes of action to meet our notice-pleading standard.

## I. CASE HISTORY

[¶3] Following service of Petit's complaint, Lumb filed a timely motion to dismiss the complaint pursuant to M.R. Civ. P. 12(b)(6). On January 6, 2014, at the twenty-one-day deadline for filing an opposition to the motion, *see* M.R. Civ. P. 7(c)(2), the Superior Court received a photocopy of Petit's opposition to Lumb's motion to dismiss. The next day, the Clerk of the York County Superior Court mailed Petit a notice of incomplete filing, informing Petit that her opposition to the motion included a copy of her signature rather than an original signature as required by M.R. Civ. P. 5(f), 7(b)(2), and 11(a). *See Fichter v. Bd. of Envtl. Prot.*, 604 A.2d 433, 435 (Me. 1992) (stating that a faxed copy of a notice of appeal did not comply with the requirement that pleadings bear an original signature). The Clerk instructed Petit to "[p]lease re-submit with original signatures." Petit did not respond.

[¶4] Because the Clerk could not accept for filing Petit's opposition to Lumb's motion without an original signature and Petit failed to respond to the Clerk's notice, the twenty-one-day deadline for filing opposition to the motion

passed without a filed opposition from Petit. By rule, Petit was "deemed to have waived all objections to the motion." M.R. Civ. P. 7(c)(3).

[¶5] After another month had passed, counsel for Lumb sent a letter to the court, with a copy to Petit, "requesting that the [motion to dismiss] be presented to a Justice at [the court's] earliest convenience." On February 11, 2014, the court, acting without notice or further hearing as authorized by Rule 7(c)(3), granted Lumb's motion to dismiss and dismissed Petit's complaint. *See Clearwater Artesian Well Co. v. LaGrandeur*, 2007 ME 11, ¶ 8, 912 A.2d 1252, (stating that when a self-represented party fails to properly respond to a motion due to a misunderstanding, the motion may be granted because **"**self-represented litigants are afforded no special consideration in procedural matters").

[¶6] The court's order dismissed Petit's complaint "with prejudice and with costs, including, but not limited to, reasonable attorney's fees and Court costs." *Cf.* M.R. Civ. P. 11(a) (authorizing award of sanctions, "including a reasonable attorney's fee," for violation of the requirements or purposes of that Rule, including its original signature requirement).

[¶7] Petit then brought this appeal.

## II. LEGAL ANALYSIS

[¶8] Because Petit's tendered objection to Lumb's motion to dismiss did not contain an original signature, the attempted filing did not comply with the Maine

Rules of Civil Procedure and did not have legal effect.[1] When a motion is unopposed, the court need not reach the merits of the motion because, under Rule 7(c)(3), the adverse party has waived any objection to it. *See Giguere v. Great Atl. & Pac. Tea Co.*, 526 A.2d 1383, 1385 (Me. 1987) (motion to enlarge time for response to complaint). Therefore, in circumstances such as those presented here, the trial court was authorized to grant Lumb's motion because it was unopposed. However, the Maine Rules of Civil Procedure did not require the court to grant the motion: Rule 7(c)(3) provides only that an adverse party who has not filed an opposition has waived any opposition to the motion; it does not obligate the court to act favorably on the motion.[2] When the court acts on a motion based on a procedural default by the non-moving party, the question on appeal is whether the court abused its discretion.

---

[1] We note that, in some circumstances, the federal courts provide some accommodation to parties who submit a court filing without a proper signature, if a properly signed document is refiled reasonably promptly, even if the filing deadline has passed. *See, e.g.*, *Gonzales v. Wyatt*, 157 F.3d 1016, 1020-21 (5th Cir. 1998); *United States v. Kasuboski*, 834 F.2d 1345, 1348-49 (7th Cir. 1987). Here, even after a month had passed after the clerk notified Petit of the defective court filing, Petit had not filed a corrected opposition to the motion. Therefore, any accommodation allowed under that approach is not available to Petit.

[2] We have held that when a mortgagee moves for summary judgment on a complaint for foreclosure, a defective or deficient opposition to the motion does not relieve the court of its responsibility to address the merits of the unopposed motion. *Wells Fargo Bank, NA v. deBree*, 2012 ME 34, ¶ 9, 38 A.3d 1257. At least in part, this is a consequence of M.R. Civ. P. 7(c)(3)(d), which obligates a party who moves for summary judgment to meet the requirements of M.R. Civ. P. 56, in addition to any other applicable requirement. Thus, as we held in *Wells Fargo*, the movant for summary judgment must affirmatively establish the basis for that relief under Rule 56, and the movant may not rely on any defects in an opposition to the motion or on the absence of an opposition altogether. *Wells Fargo Bank, NA*, 2012 ME 34, ¶ 9, 38 A.3d 1257.

[¶9]   Here, considering Petit's substantial prior experience in litigation as reflected in the record, including her complaint, *see also Cimenian v. Lumb*, 2008 ME 107, 951 A.2d 817; *Petit v. Key Bank of Maine*, 688 A.2d 427 (Me. 1996), and the express opportunity she was given to submit a corrected and proper court filing, Petit has not demonstrated that the trial court abused its discretion in granting the motion and entering its dismissal order in this case.[3]

The entry is:

Judgment affirmed.

---

**On the briefs:**

Catherine Petit, pro se, and Timothy E. Zerillo, Esq., Zerillo Law, LLC, Portland, for appellant Catherine Petit

Joseph L. Goodman, Esq., Goodman Law Firm, P.A., for appellee William Lumb

---

[3] In appeals in civil actions, the appellant bears the burden of persuasion. *See Bizier v. Town of Turner*, 2011 ME 116, ¶ 8, 32 A.2d 1048; *In re Joshua B.*, 2001 ME 115, ¶ 10, 776 A.2d 1240.