STATE OF MAINE
Penobscot, ss

SUPERIOR COURT
Docket No. RE-2019-63

Christine L. Brochu and Mark Brochu,
             Plaintiffs,

v.

Select Portfolio Servicing Inc.,
             Defendant.

**ORDER re: Defendant's Motion to Dismiss**

Before the Court is defendant Select Portfolio Servicing Inc.'s (SPS) Motion to Dismiss all counts of Plaintiff's complaint. Plaintiffs have not filed an opposition to this motion. Because Plaintiffs have not filed an opposition, the Court grants Defendant's motion.

## I.    **Factual Background**

The Brochu's complaint alleges that they own certain real estate, which was subject to a note and mortgage held by U.S. Bank N.A. U.S. Bank N.A. engaged SPS as the servicer for the Brochus' mortgage. On February 8, 2017, U.S. Bank N.A. brought a foreclosure proceeding against the Brochus. However, on July 26, 2018 the Superior Court (*J. Anderson*) entered a judgment in favor of the Brochus as the Bank failed to properly the serve the Brochus with a notice of default and the mortgagor's right to cure under the notice requirements set forth in 14 M.R.S. § 6111. The Bank then took an appeal but dismissed it on November 26, 2018. The Brochus allege that the Superior Court's judgment discharged their debt.

On December 12, 2018, SPS sent the Brochus a letter informing them that it was releasing the mortgage lien. The December 12, 2018 letter also stated that this release "means you are still responsible for the debt on your note, but you can now explore your options to sell or refinance. You don't need to sign or return anything for this to happen." On January 15,

1

2019, U.S. Bank, through the First American Title Insurance Company, recorded a deed of trust in the Penobscot County Registry of Deeds, which discharged the Brochus mortgage. This mortgage discharge is recorded in Book 15047, page 179.

Plaintiffs allege that on April 18, 2019 it sent SPS a letter notifying SPS of their claims against it. In a letter dated April 30, 2019, SPS answered the Plaintiff's letter by informing them that their account was "charged off" on December 7, 2018 and provided them with the mortgage discharge noted above. (Pl.'s Compl. Ex. 7.) SPS also stated in the letter that it was refusing to compensate the Brochus for "issues related to their account." (Pl.'s Compl. Ex. 7.)

Plaintiffs filed suit on November 21, 2019. Plaintiffs' complaint includes six counts: Count I alleges violations of 14 M.R.S. § 551 (Maine's mortgage discharge statute); Count II alleges breach of contract; Count III alleges violations of the Maine Unfair Trade Practices Act; Count VI alleges violations of the Maine Consumer Credit Code; Count V alleges violations of the Maine Fair Debt Collections Practices Act; Count VI requests declaratory judgment regarding rights to the Brochus' real estate. Defendant's filed their motion to dismiss all of Plaintiffs' claims on December 13, 2019. Plaintiffs' have not filed an opposition to Defendant's motion.

## II.    Analysis

Plaintiff has not opposed Defendant's motion to dismiss. "When a motion is unopposed, the court need not reach the merits of the motion because, under Rule 7(c)(3), the adverse party has waived any objection to it." *Petit v. Lumb*, 2014 ME 117, ¶ 8, 103 A.3d 205. As Plaintiff has failed to provide an opposition to defendant's motion to dismiss, the motion is granted. *Id.* (in circumstances where the nonmoving party fails to oppose a motion to dismiss it is within the court's authority to grant the motion based on the lack of opposition).

2

Entry:

Defendant's Motion to Dismiss is granted.

2/18/2020

Date

Ann Murray, Justice
Maine Superior Court

ORDER/JUDGMENT ENTERED IN THE
COURT DOCKET ON: 2/20/20

3

  

Open Financials   Print Docket   Reports/Forms

| Attorney | Party | Representation Type | Represen |
|---|---|---|---|
| Hunt, Patrick | Mark Brochu - 3 Plaintiff | Retained | 11/21/20' |
| Shub, Adam | Select Portfolio Servici... | Retained | 12/04/20 |
| Hunt, Patrick | Christine L Brochu - 1... | Retained | 11/21/20' |