STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2021-366

RONALD CHADBOURNE,

      Plaintiff,

      v.

CASCO AERIE #565 FRATERNAL
ORDER OF EAGLES and
MATTHEW HALL,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON UNOPPOSED
MOTION TO DISMISS**

Before the Court is Defendants Casco Aerie #565 Fraternal Order of Eagles and Matthew Hall's Motion to Dismiss pursuant to Maine Rule of Civil Procedure 12(b)(6). Counts I, III, and IV of Plaintiff Ronald Chadbourne's Amended Complaint are pending. Defendants seek dismissal of Count IV, only.[1]

Mr. Chadbourne has not opposed the pending motion to dismiss. Accordingly, the Court need not reach the merits of the motion. *Petit v. Lumb,* 2014 ME 117, ¶ 8, 103 A.3d 205 ("When a motion is unopposed, the court need not reach the merits of the motion because, under Rule 7(c)(3), the adverse party has waived any objection to it."). The Court, therefore, grants the motion and dismisses Count IV of the Amended Complaint, Negligent Service of Liquor/Maine Liquor Liability Act. The remaining counts of the Amended Complaint are undisturbed.

---

[1] By Order dated August 11, 2022, the Court granted Mr. Chadbourne's Motion to Amend as to Count IV, which was reasserted following dismissal without prejudice, and denied the motion as to the proposed Counts V, VI, and VII, and the proposed reasserted Count II. Counts I and III of the original Complaint had not been dismissed at the time of filing of the Motion to Amend. Although the Court did not address Counts I and III at length in its August 12 Order, they were incorporated in the Amended Complaint as accepted.

REC'D CUMB CLERKS OFC
OCT 28 '22 PH2:00

The entry is:

Defendants' unopposed Motion to Dismiss is GRANTED. Count IV of Plaintiff's Amended Complaint is DISMISSED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___10/28/2022___

_____
MaryGay Kennedy, Justice
Maine Superior Court

STATE OF MAINE
CUMBERLAND, ss

RONALD CHADBOURNE,

Plaintiff

v.

CASCO AERIE # 565, FRATERNAL
ORDER OF EAGLES, et al.,

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-366

ORDER

**Plaintiff-Daniel Warren, Esq.**
**Defendant- Neal Weinstein, Esq.**

Before the court is a motion by defendant Casco Aerie #565, Fraternal Order of Eagles to dismiss and a motion to amend by plaintiff Ronald Chadbourne.

This case arises out of an alleged assault of Chadbourne by a person named Matthew Hall at the Casco Aerie Eagles Lodge on August 22, 2020. The original complaint brought by Chadbourne named both the Casco Aerie and Hall as defendants. Claims of negligence and assault were asserted against Hall (Counts I and III). Claims under the Dram Shop statute and claims for negligent service of liquor to Matthew Hall were asserted against the Casco Aerie (Counts II and IV) based on the theory that employees of the Casco Aerie should not have served an allegedly intoxicated Hall with alcohol.

Defendants Casco Aerie and Hall, represented by the same attorney, filed a joint answer denying Chadbourne's claims and asserting various affirmative defenses.

On October 12, 2021 the Casco Aerie filed a motion to dismiss Counts II and IV, asserting that Chadbourne's claims against the Casco Aerie were barred pursuant to 28-A M.R.S. § 2504 because Chadbourne was over 18 and because he had not complied with the applicable time limits under the Maine Liquor Liability Act. 28-A M.R.S. § 2513.

REC'D CUMB CLERKS OFC
AUG 11 '22 PM4:18

In a letter docketed on November 4, 2021 plaintiff's counsel informed the court that the parties had agreed to the dismissal of counts II and IV. On that basis the court (McKeon, J.) granted the Casco Aerie's motion on November 22, 2021.

Five months later the Casco Aerie filed a motion to be dismissed from the action, stating that plaintiff's counsel had declined to sign a stipulation to that effect. Plaintiff responded by filing a motion to amend on April 1, 2022. That motion attached a proposed amended complaint that (1) reasserted counts II and IV against the Casco Aerie and (2) added three more counts against the Casco Aerie – for intentional spoliation of evidence, negligent spoliation of evidence, and fraudulent concealment (Counts V, VI, and VII). These counts are all based on the claim that the Casco Aerie erased video footage of the events involved with the alleged assault. The Casco Aerie objects to the proposed amendment.

In their submissions the parties have focused on the spoliation claims. Plaintiff contends that the court should recognize a tort of spoliation in Maine although the Law Court has not done so. The Casco Aerie, for its part, primarily objects on factual grounds. It contends that it had a practice of recording over video footage after 7 days, that Chadbourne was fully aware that there was video footage, that he viewed that footage after the incident, and that he did not make a copy or request that one be provided. Affidavits provided by the parties are in sharp disagreement over these issues. *See* Chadbourne Affidavit sworn to March 22, 2022 vs. Hanlon Affidavit sworn to October 28, 2021.

The court cannot resolve factual disputes on motions to dismiss and on motions to amend. The issue on such motions is solely whether amendments should be granted under Rule 15, which provides that leave shall be freely granted when justice so requires, and whether the pleading in question states a cognizable claim.

2

Bypassing the factual disputes with respect to the alleged spoliation, the court can resolve the proposed addition of spoliation claims as a matter of law because the court is not prepared to recognize a tort of spoliation. The Law Court has not done so, and at least four Superior Court decisions have declined to recognize spoliation claims. *Simpson v. Cumberland County*, CV-04-765, 2011 Me. Super. LEXIS 73 (Superior Court Cumberland April 1, 2011) (Mills, J.); *Santiago v. Wade*, CV-08-457, 2009 Me. Super. LEXIS 45 (Superior Court Cumberland March 11, 2009) (Crowley, J.); (*Breen v. Lucas*, 2005 Me. Super. LEXIS 67 (Superior Court Kennebec July 4, 2005) (Marden, J.); *Butler v. Mooers*, CV-00-737, 2001 Me. Super. LEXIS 93 (Superior Court Cumberland June 15, 2001) Crowley, J.). *See Gagne v. D.E. Jonsen Inc.*, 298 F.Supp.2d 145, 147-48 (D. Me. 2003). The court agrees with the ruling in *Gagne* that spoliation not an independent cause of action; rather the potential remedy for any spoliation would be the exclusion of evidence, the drawing of an adverse inference, or an appropriate jury instruction.

Accordingly, the court will deny Chadbourne's motion to add counts V and VI. Chadbourne's Count VII (fraudulent concealment) is essentially a spoliation claim recharacterized as fraud. Fraudulent concealment requires an alleged failure to disclose a fact, not a failure to disclose evidence. Chadbourne's motion to amend is denied as to Count VII.

That leaves Chadbourne's reassertion of counts II and IV. Those are counts that were previously dismissed, but that dismissal was stated to be by agreement and was therefore without prejudice. *See* M.R.Civ.P 41(a) (unless otherwise stated in a notice of dismissal, the dismissal is without prejudice). Moreover, although the motion to amend is after the original deadline set in the scheduling order, the court sees no prejudice to the Casco Aerie, and Rule 15 states that leave to amend shall be freely granted.

3

However, the Casco Aerie had previously moved to dismiss those counts for failure to comply with the Maine Liquor Liability Act.

It is puzzling that Chadbourne has brought two separate claims based on the service of liquor – with Count II characterized as being under the Dram Shop Act and Count IV brought under the Liquor Liability Act. The Liquor Liability Act provides that it is the exclusive remedy against a party who negligently or recklessly serves liquor to an intoxicated person. 28-A M.R.S. § 2511. Accordingly, Chadbourne's claim against the Casco Aerie is encompassed by the Liquor Liability Act and his proposed Dram Shop claim is surplusage.

In its original motion to dismiss, the Casco Aerie argued that Chadbourne had not complied with the 180-day notice requirement under 28-A M.R.S. § 2513.[1] That section requires that written notice be provided within 180 days of the server's conduct unless good cause can be shown why notice could not reasonably have been filed within 180 days. Chadbourne has never been heard on this issue. On its face, the proposed amended complaint does not foreclose the possibility that he did give the required notice or alternatively that this case falls within the good cause exception.

Accordingly, the court will grant Chadbourne's motion to amend his complaint to reassert count IV. The Casco Aerie may again seek the dismissal of that claim but if any such motion involves disputed factual issues, those would likely have to be resolved by summary judgment or at trial.

---

[1] The Casco Aerie also argued that Chadbourne's claims against the Casco Aerie were barred by 28-A M.R.S. § 2504 because Chadbourne is over 18. However, section 2504 would only apply if Chadbourne were claiming that Chadbourne himself had been negligently or recklessly served. The proposed amended complaint can be read to suggest that the Cascio Aerie was negligent in serving several persons involved in the relevant events, *see* ¶¶ 6-8, but Chadbourne is not claiming that he (Chadbourne) should not have been served. Instead, he directly alleges that he is seeking damages for harm caused by the staff of the Casco Aerie "overserving liquor to Matthew Hall." *Id.* ¶ 35.

4

The entry shall be:

1. The motion by defendant Casco Aerie # 565, Fraternal Order of Eagles, to dismiss the complaint as against the Casco Aerie is denied without prejudice to renewal as set forth above.

2. The motion by plaintiff Ronald Chadbourne to amend his complaint is granted as to proposed count IV and is denied as to proposed counts II, V, VI, and VII.

3. Since Counts I, II and IV of the proposed amended complaint are now, as far as the court can tell, identical to those counts in the original complaint, defendants need not file an amended answer unless they choose to do so within 10 days of the date of this order. Otherwise their original answer shall apply to the amended complaint.

4. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August **11**, 2022

Thomas D. Warren
Active Retired Justice, Superior Court

**Entered on the Docket:** 08/12/22

5