STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2023-201

CUMBERLAND CAPITAL,
LLC,

        Plaintiff,

      v.

DIRIGO CAPITAL ADVISORS,
LLC and KEVIN J. MATTSON,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff Cumberland Capital, LLC's ("Cumberland Capital") Motion for Summary Judgment. Cumberland Capital seeks summary judgment on its two-count Complaint for breach of contract. Defendants Dirigo Capital Advisors, LLC ("Dirigo Capital") and Kevin J. Mattson ("Mr. Mattson") have failed to oppose the motion. For the following reasons, the Court denies Cumberland Capital's Motion for Summary Judgment.

## I.    Summary Judgment Standard

Summary judgment is appropriate "if the summary judgment record, taken in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact in dispute and the moving party would be entitled to a judgment as a matter of law at trial." *Chartier v. Farm Fam. Life Ins. Co.*, 2015 ME 29, ¶ 6, 113 A.3d 234; *see* M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a 'genuine issue' when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Toto v. Knowles*, 2021 ME 51, ¶ 8, 261 A.3d 233 (quoting *Stewart-Dore v. Webber Hosp. Ass'n*, 2011 ME 26, ¶ 8, 13 A.3d 773). The summary judgment record consists only of the parties' properly supported statements of material

REC'D CUMB CLERKS OFC
OCT 10 '23 AM 11:16

fact and the portions of the record referenced therein. *See Dorsey v. N. Light Health*, 2022 ME 62, ¶ 10, 288 A.3d 386.

## II.    Discussion

"When a motion is unopposed, the court need not reach the merits of the motion because, under Rule 7(c)(3), the adverse party has waived any objection to it." *Petit v. Lumb*, 2014 ME 117, ¶ 8, 103 A.3d 205. Rule 7(c)(3) of the Maine Rules of Civil Procedure does not, however, obligate the Court to grant an unopposed motion. *Id.*

Although the pending motion is unopposed, the Court is not inclined to grant it without reaching its merits because Cumberland Capital failed to include the notices required under M.R. Civ. P. 7(b)(1)(A) and (B). Accordingly, the Court will proceed to the merits of the motion.

Cumberland Capital contends that Dirigo Capital defaulted on a promissory note issued by Cumberland Capital and that Dirigo Capital and Mr. Mattson, under the terms of a personal guaranty, are liable for the balance. All of Cumberland Capital's statements of material facts are supported by citations to an affidavit of James Raftice, which authenticates several attached documents, including the original promissory note and subsequent modification agreements.

Exhibit E, however, is a printout of a spreadsheet showing the principal balance and daily accruing interest on the loan from October 1, 2021, to June 30, 2023. The admissibility of this record is determined by the business records exception under Maine Rule of Evidence 803(6). To be admissible for the purposes of summary judgment, a business record must be attached to an affidavit that "establish[es] the affiant's qualification to testify to the contents of the record, and the affiant must lay the necessary foundation for the admissibility of the record pursuant to the business records exception to hearsay." *Ocean Cmtys. Fed. Credit Union v. Roberge*, 2016 ME 118, ¶ 11, 144 A.3d 1178.

The Raftice Affidavit is insufficient because the affiant does not provide information about the nature of Mr. Raftice's role within Cumberland Capital sufficient to establish that he is intimately involved in the daily operation of the business, nor does it lay a foundation regarding the making and keeping of the record. *See* M.R. Evid. 803(6)(A)-(D). The Court cannot consider Exhibit E. Because there is no competent evidence of the amount due under the promissory note, as modified by the parties' modification agreements, summary judgment must be denied.

## III. Conclusion

For the foregoing reasons, the Court denies Cumberland Capital's Motion for Summary Judgment.

The entry is:

Plaintiff Cumberland Capital, LLC's Motion for Summary Judgment is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 10/10/23

MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 12/19/2023