STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           CIVIL ACTION
                                        DOCKET NO. CV-23-102


LORI A. GAMBINO and JON          )
FREDRIC FOYT, Individually and as )
Personal Representatives of the Estate )
of KYLE MICHAEL FOYT-BRIDGES,    )
                                 )
        Plaintiffs,              )      **DECISION AND ORDER ON
                                 )      DEFENDANT'S MOTION FOR
    v.                           )      JUDGMENT ON THE PLEADINGS**
                                 )
RANDY K. CHANG,                  )
                                 )
        Defendant.               )
                                 )
                                 )

Before the court is Defendant Randy K. Chang's motion for judgment on the

pleadings. For the following reasons, the defendant's motion is denied.

## PROCEDURAL HISTORY

On August 12, 2021, the defendant struck Kyle Michael Foyt-Bridges with

his vehicle, which resulted in Mr. Foyt-Bridges's death. The decedent's parents,

Plaintiff Lori A. Gambino and Plaintiff Jon Fredric Foyt, commenced this action

individually and as personal representatives of their deceased son's estate, by filing

a complaint in this court on August 14, 2023. Although the complaint contains some

extraneous content, it includes multiple citations to Maine's wrongful death statute,

1

*see* 18-C M.R.S. § 2-807, and appears to assert that the defendant engaged in various acts of negligence that resulted in Mr. Foyt-Bridges's death.[1]

The complaint was signed by Plaintiff Gambino as well as Joseph D. Libby, an attorney with a Texas bar number. Both signatures appear in electronic form, with their respective names typed on separate signature lines and preceded by "/s/" symbols. Mr. Libby is not licensed to practice in Maine, and the plaintiffs did not file a contemporaneous motion to admit Mr. Libby pro hac vice when they submitted their complaint.[2]

On September 8, 2023, the defendant filed his answer, and subsequently moved for judgment on the pleadings pursuant to M.R. Civ. P. 12(c). In his motion, the defendant contends that this action is barred by the applicable statute of limitations and otherwise fails to state a claim upon which relief may be granted. The defendant also seeks dismissal pursuant to M.R. Civ. P. 41(b)(2) based on various alleged deficiencies in the complaint. The plaintiffs' pro se opposition—filed more than 21 days after the defendant's motion—was not timely. *See* M.R. Civ. P. 7(c)(2). Accordingly, the defendant further argues that the plaintiffs waived their objections to the pending Rule 12(c) motion.

---

[1] A cause of action under Maine's wrongful death statute is "dependent on a cause of action that the deceased would have possessed had death not ensued." *Shaw v. Jendzejec*, 1998 ME 208, ¶ 6, 717 A.2d 367; *see also Cohen as next friend of Estate of Cohen v. City of Portland*, No. 2:21-cv-00267-NT, 2023 WL 8187213, at *11 (D. Me. Nov. 27, 2023).

[2] The plaintiffs ultimately filed a motion to admit Mr. Libby pro hac vice over two months after the complaint was filed. That motion was granted by the court on November 9, 2023.

## STANDARD OF REVIEW

Maine Rule of Civil Procedure 12(c) permits "any party [to] move for judgment on the pleadings" after the pleadings are closed. "When, as here, a motion for a judgment on the pleadings is filed by the defendant pursuant to M.R. Civ. P. 12(c), only the legal sufficiency of the complaint is tested." *Wawenock, LLC v. DOT,* 2018 ME 83, ¶ 4, 187 A.3d 609 (quotation marks omitted). Indeed, "the [d]efendant's motion for judgment on the pleadings is nothing more than a motion under M.R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted." *Id.* (quotation marks omitted). Thus, when assessing a motion for judgment on the pleadings, the court "assum[es] that the factual allegations are true, examin[es] the complaint in the light most favorable to plaintiff, and ascertain[s] whether the complaint alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theory." *Id.* (quotation marks omitted).

## DISCUSSION

### I. Statute of Limitations and Failure to State a Claim

Although the defendant initially sought dismissal of this action on the basis that it was barred by the applicable statute of limitations, he appears to concede in his reply brief that the complaint, if accepted by the court[3], was timely filed. The court agrees that the plaintiffs' claim is not time-barred.

---

[3] The defendant's arguments regarding alleged deficiencies in the complaint are addressed later in this order.

As applicable here, Maine's wrongful death statute sets forth a two-year statute of limitations. *See* 18-C M.R.S. § 2-807(2) (2021) (*amended by* P.L. 2023, ch. 390, § 3 (effective Oct. 25, 2023)) ("An action under this section must be commenced within 2 years after the decedent's death").[4] Mr. Foyt-Bridges's death occurred on August 12, 2021. The two-year statute of limitations deadline, August 12, 2023, fell on a Saturday. *See Pelletier v. Dwyer*, 334 A.2d 867, 872 (Me. 1975) (taking judicial notice that a date fell on a particular day of the week). When the statutory period expires on a weekend or holiday, "the period runs until the end of the next day which is not a Saturday, a Sunday, or a holiday." M.R. Civ. P. 6(a). Here, the plaintiffs' complaint, filed on Monday, August 14, 2023, was timely submitted within the applicable limitations period. For this reason, the court rejects the defendant's contention that the complaint fails to state a claim upon which relief may be granted; the statute of limitations does not impose a bar to recovery, and accordingly, the plaintiffs may be entitled to relief under Maine's wrongful death statute.

## II. Alleged Deficiencies in the Complaint

The defendant also asks the court to dismiss this case pursuant to M.R. Civ. P. 41(b)(2), pointing to at least three ways in which the complaint allegedly fails to comply with the Maine Rules of Civil Procedure. *See* M.R. Civ. P. 41(b)(2) ("For failure of the plaintiff . . . to comply with these rules or any order of court, a

---

[4] An amendment to 18-C M.R.S. § 2-807(2) that went into effect after this action was filed extended the two-year statute of limitations to three years. *See* P.L. 2023, ch. 390, § 3 (effective Oct. 25, 2023).

defendant may move for dismissal of an action . . . ."). Specifically, the defendant argues that: (1) the complaint violates M.R. Civ. P. 8 for failing to place the defendant on notice of the claims asserted and for including counts, demands, and requirements not recognized by Maine law; (2) the complaint was signed by an attorney who is not barred in Maine and who, at the time of the complaint's filing, had not been admitted to practice pro hac vice; and (3) the complaint contained an electronic signature in contravention of M.R. Civ. P. 11(a). The court declines to dismiss the complaint on these grounds.

First, the court is not convinced that the complaint violates the general pleading standards of Rule 8. *See* M.R. Civ. P. 8(a), (e) (requiring, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief," "a demand for judgment," and averments that are "simple, concise, and direct"). Although the complaint includes certain extraneous material, it repeatedly references Maine's wrongful death statute, sets forth a theory of recovery, and details the relief sought. *E.g.*, Pls.' Compl. ¶¶ 2.1-2.2, 10.3, 10.6. The court is therefore satisfied that the complaint is sufficient under Maine's "forgiving" notice pleading standard. *Oakes v. Town of Richmond*, 2023 ME 65, ¶ 15, —A.3d—.

Additionally, the court declines to dismiss this action on the basis that the complaint included the electronic signature of Mr. Libby, an attorney who was not admitted to practice in Maine. Although Mr. Libby's signature was not an effective signature under Rule 11(a), the complaint was also signed by Ms. Gambino, who is a party to this case. Under Maine law, the signature of an unrepresented party may

5

satisfy M.R. Civ. P. 11(a)'s signature requirement. *See* M.R. Civ. P. 11(a)(3) ("Every pleading . . . for relief filed with the court by a party who is not represented by an attorney shall be signed by the party.").

The defendant argues that the form of Ms. Gambino's signature—an electronic signature—did not satisfy the Rules of Civil Procedure. *See* M.R. Civ. P. 11(a)(4)[5]; *Petit v. Lumb,* 2014 ME 117, ¶ 8, 103 A.3d 205 (where document "did not contain an original signature, the attempted filing did not comply with the Maine Rules of Civil Procedure and did not have legal effect"). While typically that would be true, a Pandemic Management Order issued by the Maine Supreme Judicial Court states that a typed signature preceded by an "/s/" "shall have the same force and effect" as an original signature. PMO-SJC-2(G) State of Maine Judicial Branch Pandemic Management Order (amended March 30, 2023). That order remains in effect. *See id.* Thus, Ms. Gambino properly signed the complaint.

### III. The Plaintiffs' Untimely Opposition

Finally, the defendant contends that the plaintiffs waived their objections to the motion for judgment on the pleadings by filing their opposing motion after the 21-day deadline for filing motions in opposition. *See* M.R. Civ. P. 7(c)(2). When a motion is unopposed, "the court need not reach the merits of the motion because, under Rule 7(c)(3), the adverse party has waived any objection to it." *Petit,* 2014 ME

---

[5] By way of recent amendment, the Rules of Civil Procedure now permit electronic signatures in cases where a document is "fil[ed] electronically or, with authorization, fil[ed] by email or using ShareFile." M.R. Civ. P. 11(a)(4)(B). The rules do not appear to permit electronic signatures where, as here, the document is conventionally filed.

117, ¶ 8, 103 A.3d 205. The court therefore has the authority to grant a motion on the basis that it is unopposed. *Id.* "However, the Maine Rules of Civil Procedure d[o] not *require* the court to grant the motion: Rule 7(c)(3) provides only that an adverse party who has not filed an opposition has waived any opposition to the motion; it does not obligate the court to act favorably on the motion." *Id.* (emphasis added).

Here, although the court has the authority to grant the present motion based on the plaintiffs' failure to file a timely opposition, the court does not believe that the circumstances warrant such drastic action. The court, however, cautions the plaintiffs that it may not extend the same consideration in the future, should further transgressions of the Rules of Civil Procedure occur.

## CONCLUSION

Based on the foregoing, the court orders as follows:

The defendant's motion for judgment on the pleadings is denied.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 1\29\24

_____
Julia M. Lipez
Justice, Superior Court

7